IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0507-WJM-NRN

QFA ROYALTIES, LLC,
THE QUIZNOS MASTER, LLC,

    Plaintiffs,

v.

ZT INVESTMENTS, LLC, and
THOMAS KAMAU,

    Defendants.

## ORDER GRANTING SUMMARY JUDGMENT AND TERMINATING CASE

This is a dispute between a franchisor and a former franchisee. Plaintiff QFA Royalties, LLC, "is the franchisor of the network of franchised Quiznos Sub restaurants." (ECF No. 36 at 3, ¶ 1.) Plaintiff The Quiznos Master, LLC, "owns and licenses to QFA the intellectual property used in connection with QFA's franchising program." (*Id.* ¶ 2.) The Court will refer to the two Plaintiffs collectively as "Quiznos." The Defendants are ZT Investments, LLC ("ZTI"), a Missouri limited liability company, and its owner, Thomas Kamau ("Kamau").

At the outset of this lawsuit, Quiznos accused Defendants of operating a restaurant that was, in effect, an unauthorized Quiznos franchise. Pending before the Court, however, is Quiznos' Partial Motion to Dismiss Pursuant to Rule 41(a)(2) ("Rule 41 Motion"). (ECF No. 62.) In that filing, Quiznos announces that Defendants have closed the infringing restaurant, thus mooting all of Quiznos' claims for prospective

relief. (*Id.* ¶ 5.) Given this, and in light of the Court's previous default judgment against ZTI (*see* ECF No. 55), Quiznos requests dismissal of all of its causes of action asserted against Kamau save for Claim VI, which alleges breach of a guaranty agreement. (ECF No. 62 ¶ 7; *see also* ECF No. 1 ¶¶ 72–75.) Claim VI, as it turns out, is also the only claim at issue in Quiznos' other pending motion, *i.e.*, its Motion for Partial Summary Judgment Against Defendant Thomas Kamau ("Summary Judgment Motion"). (ECF No. 57.)

For the reasons stated below, the Court will grant both the Rule 41 Motion and the Summary Judgment Motion, direct entry of final judgment against Kamau, and direct the Court to terminate this case.

## I. SUMMARY JUDGMENT MOTION

For arcane procedural reasons explained in Part II, below, the Court will resolve the Summary Judgment Motion before it resolves the Rule 41 Motion.

Kamau filed no response to the Summary Judgment Motion. The Court must nonetheless satisfy itself that Quiznos is entitled to judgment as a matter of law. *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002) ("If the nonmoving party fails to respond [to a summary judgment motion], the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for no defense to an insufficient showing is required." (internal quotation marks omitted; alterations incorporated)).[1] Accordingly, the following findings of fact

---

[1] *But see Burk v. K Mart Corp.*, 956 F.2d 213, 214 (10th Cir. 1991) ("Having failed to respond to either of K-Mart's summary judgment motions, Appellant has pointed to no disputed

2

and conclusions of law result from the Court's independent review of the record.

## A. Summary Judgment Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## B. Undisputed Facts

On May 24, 2013, Kamau executed a series of contracts by which he became Quiznos' new authorized franchisee for an existing Quiznos restaurant in St. Louis, Missouri. (ECF No. 57 at 2–4, ¶¶ 9, 14–18.) The contracts became effective June 5, 2013, when Quiznos countersigned. (*Id.* ¶¶ 14–18.)

Of those contracts, two are most relevant here. The first relevant contract is the

---

issues of fact which might preclude summary judgment.").

Franchise Agreement. (ECF No. 6-2 at 2–48.) Under the Franchise Agreement, Kamau himself (*i.e.*, not a business entity) became the Quiznos franchisor. (*See id.* at 48.) The second relevant contract is the "Guaranty and Assumption of Franchisee's Obligations" ("Guaranty"). (ECF No. 6-2 at 59–60.) There, Kamau agreed to "personally and unconditionally" guarantee the franchisee's obligations—that is, his own obligations—including agreeing to be "personally bound by, and personally liable for the breach of" the Franchise Agreement. (*Id.* at 59.)

At the time, the Guaranty was redundant to the Franchise Agreement. However, Kamau transferred the Franchise Agreement to ZTI less than two months later. (ECF No. 6-3 at 4.) In the document by which Quiznos consented to this transfer, Kamau

> acknowledge[d] and agree[d] that the Transfer does not and will not release or relieve Franchisee [now, ZTI] or any guarantor of Franchisee [Kamau] of or from any personal liability or personal undertakings under the Franchise Agreement or under any guarantee agreements related thereto executed prior to the Transfer. All such persons will continue to be personally, jointly and individually, responsible under such agreements . . . .

(*Id.* at 2.)

On November 17, 2017, this Court entered default judgment against ZTI for $216,208.18 in damages flowing from ZTI's breach of the Franchise Agreement. (ECF No. 54.) Kamau has not honored the Guaranty. (*See* ECF No. 57.)

**C.   Analysis**

Under Claim VI, Quiznos argues that Kamau has breached the Guaranty by failing to pay the $216,208.18 owed by ZTI. (ECF No. 57 at 7–8.) In Colorado, the elements of breach of contract are: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract

4

by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (internal quotation marks and citations omitted).[2] The Court analyzes each element in turn.

The first element is satisfied. There is no reasonable dispute that the Guaranty exists.

The second element—Quiznos' performance—is arguably inapplicable because the Guaranty imposes no explicit obligations on Quiznos. However, to the extent the implied covenant of good faith and fair dealing created a derivative obligation on Quiznos to perform under the Franchise Agreement (*i.e.*, so any default on ZTI's part would not be attributable to Quiznos), the record shows that Quiznos trained Kamau to operate his restaurant and that Kamau, through ZTI, operated a Quiznos restaurant with all of its attendant trademarks, other intellectual property, and access to approved suppliers. (ECF No. 57 at 4–5, ¶¶ 20, 23.) Thus, Quiznos performed under the Franchise Agreement, and therefore satisfied whatever obligations it had under the Guaranty.

The third element—Kamau's failure to perform—is satisfied. Kamau has not honored the Guaranty.

The fourth element—damages—is satisfied. Given the default judgment against ZTI, the Guaranty entitles Quiznos to $216,208.18 from Kamau.

Accordingly, there is no genuine dispute of material fact that Kamau is liable to Quiznos under Quiznos' Claim VI, in the amount of $216,208.18. Judgment in favor of Quiznos and against Kamau will be awarded in that amount.

---

[2] Colorado law governs the Guaranty, without regard to choice of law principles. (*See* ECF No. 6-2 at 60.)

5

## II. RULE 41 MOTION

Quiznos requests dismissal of its other claims against Kamau, namely, Claims I–V, given that neither ZTI nor Kamau continues to operate a restaurant in breach of the Franchise Agreement. Quiznos seeks dismissal under Federal Rule of Civil Procedure 41(a)(2), which permits "an action [to] be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

The Tenth Circuit takes a strict view of the words "an action" and holds that Rule 41 cannot apply to "less than all claims in an action." *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996). "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." 8 *Moore's Federal Practice - Civil* § 41.21[2] (2018). Because the Court's summary judgment ruling, above, has resolved Claim VI, the Rule 41 Motion is procedurally appropriate in that it resolves all outstanding claims.

Because neither ZTI nor Kamau asserted any counterclaims, the Court need only consider whether it should oppose any "proper" terms upon the requested dismissal. *See* Fed. R. Civ. P. 41(a)(2). The Court finds that no terms are necessary, and so will grant the Rule 41 motion as requested.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Partial Summary Judgment Against Defendant Thomas Kamau (ECF No. 57) is GRANTED;

2. Plaintiffs' Partial Motion to Dismiss Pursuant to Rule 41(a)(2) (ECF No. 62) is GRANTED;

3. The Clerk shall enter judgment in favor of Plaintiffs and against Defendant Thomas Kamau in the amount of $216,208.18, with postjudgment interest at the statutory rate until paid. Defendant Kamau's obligation under this judgment is joint and several with Defendant ZT Investments, LLC's obligation under the default judgment entered by this Court on November 17, 2017 (ECF No. 54);

4. Plaintiffs shall have their costs upon compliance with D.C.COLO.LCivR 54.1; and

5. The Clerk shall terminate this case.

Dated this 28th day of August, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge